824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LYLE/CARLSTROM ASSOCIATES, INC., Plaintiff-Appellee,
v.
MANHATTAN STORE INTERIORS, INC. and Albert C. Winters,
Defendants-Appellants.
 Appeal No. 86-1502.
 United States Court of Appeals, Federal Circuit.
 April 20, 1987.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Manhattan Store Interiors, Inc. (Manhattan) appeals the decision of the United States District Court for the Eastern District of New York granting the motion by Lyle/Carlstrom Associates, Inc. (Lyle/Carlstrom) for partial summary judgment holding that United States Patent No. 4,223,966 (the '966 patent) is invalid under 35 U.S.C. Sec. 103 (1982 & Supp. III 1985). We affirm.
 
 BACKGROUND
 
 2
 The '966 patent discloses and claims an all-glass display case which is easily assembled and which has dividers and shelves that can be adjusted, vertically or horizontally, without need for dismantling the case. The invention comprises multiple glass panels, each formed with two rows of spaced-apart holes, in conjunction with suitable clamping assemblies.
 
 
 3
 Prior to the initiation of this litigation by Lyle/Carlstrom, Manhattan filed a reissue application in March 1984. In August 1984, Manhattan was advised by the United States Patent and Trademark Office (PTO) that the reissue application would be rejected in light of two British patents not cited in the prosecution of the original patent. In September 1984, Manhattan voluntarily abandoned its reissue application.
 
 
 4
 Lyle/Carlstrom filed its complaint seeking a declaratory judgment of patent invalidity and noninfringement and related relief on November 29, 1985. Thereafter, Lyle/Carlstrom filed a motion for partial summary judgment of invalidity under section 103, supported by excerpts from six prior art patents, including the two British patents not before the PTO in the original prosecution. Manhattan countered by filing complete copies of those same patents, arguing that they failed to establish obviousness, and by submitting affidavits allegedly showing commercial success, copying and favorable settlement of prior suits related to the '966 patent.
 
 The prior art patents relied upon were:
 
 5
 British Patent No. 1,489,875 (Courtney Pope)
British Patent No. 758,979 (Levine)
U.S. Patent No. 3,998,002 (Nathanson)
U.S. Patent No. 3,955,510 (Kinik)
U.S. Patent No. 2,240,729 (Von Palmenberg)
French Patent No. 1,064,123 (Wolf)
 
 
 6
 The district court considered the factual inquiries mandated by Graham v. John Deere Co., 383 U.S. 1, 16-18, 148 USPQ 459, 467 (1966), discounted Manhattan's objective evidence, particularly giving little weight to its claim of commercial success because nexus had not been established, and concluded as a matter of law that the invention of the '966 patent would have been obvious to one with ordinary skill in the art in light of the six above-cited references. Manhattan appeals that judgment, asserting that the district court both improperly resolved disputed issues of material facts, and incorrectly decided the the legal question of obviousness under section 103.
 
 OPINION
 
 7
 It is now well-settled that "the statutory purposes of the grant of summary judgment under Fed.R.Civ.P. 56 [footnote omitted] are without question intended to be effectuated in patent litigation as in any other type of suit and in accordance with the same standard." Union Carbide Corp. v. American Can Co., 724 F.2d 1567, 1571, 220 USPQ 584, 587 (Fed.Cir.1984) (citing Chore-Time Equipment, Inc. v. Cumberland Corp., 713 F.2d 774, 218 USPQ 673 (Fed.Cir.1983)).
 
 
 8
 The court stated in Chore-Time Equipment that:
 
 
 9
 The mere incantation of the fact findings listed in Graham cannot establish the impropriety of issuing a summary judgment when there is no material issue of fact requiring a trial to resolve, and the facts of record require a holding of patent invalidity.
 
 
 10
 713 F.2d at 778, 218 USPQ at 675.
 
 In Union Carbide we said:
 
 11
 In accordance with Chore-Time, it is incumbent on the trial judge to look beyond mere denials or arguments with respect to the issues of scope and content of the prior art, differences between the prior art and the invention in suit, level of skill in the art, or other factual issues. On the other hand, the court must resolve all doubt respecting the presence or absence of factual issues in favor of the one against whom summary judgment is sought. Judge Marshall followed these tenets without fault.
 
 
 12
 724 F.2d at 1571, 220 USPQ at 588. In the instant case, Judge Wexler similarly followed these requirements, issuing a thorough and complete opinion on all of the issues.
 
 1. Alleged Material Issues of Fact
 
 13
 Manhattan argues that genuine issues of material fact existed with regard to the teachings of the prior art references. As to each of the cited references, however, Manhattan's disagreement is with the conclusions drawn by the district court in applying the particular reference to the '966 patent. It does not raise any genuine factual dispute that might bear on coverage or teaching of the reference. A genuine issue of fact might exist where the reference contained an ambiguity of such magnitude that reasonable persons with ordinary skill in the art could disagree as to the teaching of the reference. Union Carbide, 724 F.2d at 1571-73, 220 USPQ at 588-89; Chore-Time Equipment, 713 F.2d at 778-81, 218 USPQ at 675-77. No such dispute was alleged here.
 
 
 14
 As noted by the district court, "[b]ecause both the claims and the patents they describe are non-technical, it is possible for the Court to determine whether they are prior art without the aid of expert testimony." The court thus looked at readily understandable references and we, like the district court, discern no genuine issue of material fact on the question of what the references show. See Union Carbide, 724 F.2d at 1573, 220 USPQ at 589.
 
 
 15
 Manhattan also apparently disputes the district court's treatment of the level of ordinary skill in the art. However, Manhattan fails to point out with particularity the error it thinks the district court committed in assessing the level of skill, except for making a vague assertion that the court improperly resolved a genuine issue of fact. In its own brief, Manhattan states that its contention below was that "the level 'is best exemplified by examples of what was designed at the time the invention was made'. (A148)." Manhattan then quotes the district court's opinion which, contrary to supporting Manhattan's position, indicates that the district court did precisely what Manhattan requested:
 
 
 16
 Because this is a motion for summary judgment, the Court assumes that defendants are correct when they say that the level of ordinary skill can be shown by what was designed at the time the invention was made.
 
 
 17
 Manhattan has failed to convince us that the district court committed any reversible error with respect to the determination of the level of ordinary skill in the art. Cf. Union Carbide, 724 F.2d at 1573, 220 USPQ at 589; Chore-Time Equipment, 713 F.2d at 779, 218 USPQ at 676.
 
 
 18
 Manhattan also contends that the district court erred in not giving weight to its objective evidence of nonobviousness. In particular, Manhattan submitted an affidavit from its president claiming an increase in sales of glass display cases. The affidavit states that prior to the invention, Manhattan had only about $500,000 in sales of glass display cases per year, whereas in the five years subsequent to the introduction of the commercial embodiment of the invention claimed in the '966 patent,
 
 
 19
 the volume of business done by Manhattan Store Interiors in glass display cases increased dramatically, so that at present our volume of glass display cases is around $5,000,000 per year. Although separate records are not kept, a large part of the increased volume is attributable to glass display cases in accordance with my invention.
 
 
 20
 The district court accorded this evidence little, if any, weight, opining that:
 
 
 21
 With respect to commercial success, the '966 patent may have increased [Manhattan's] sales but, as Winters admits, there is no factual nexus between the '966 patent and the sales increase. Defendants do not have separate records on sales of glass display cases derived from the '966 patent. It may well be that an increase in sales was due to other factors. [Citation omitted.]
 
 
 22
 As Manhattan correctly asserts, the district court was required to "view all the evidence in a light most favorable to the [non-movant] and draw all reasonable inferences in its favor." Armco, Inc. v. Cyclops Corp., 791 F.2d 147, 149, 229 USPQ 721, 723 (Fed.Cir.1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). Manhattan in effect argues that once it submitted an affadavit claiming a ten-fold increase and asserting a nexus, the district court was required to assume for purposes of summary judgment that a nexus did indeed exist between the sales and the practice of the invention.
 
 
 23
 In this case, Manhattan's contentions must fail in light of the express requirement in Rule 56(e) that in responding to a properly supported motion for summary judgment, the non-movant "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis added.) Our precedent is clear that commercial success alone, without a showing of a nexus between that success and the subject invention, is of little if any relevance. Cable Electric Products, Inc. v. Genmark, Inc., 770 F.2d 1015, 1026-27, 226 USPQ 881, 887-88 (Fed.Cir.1985).
 
 
 24
 Here the conclusory statement asserting nexus is tenuous at best. All we are told is that sales of glass cases increased ten-fold over a five-year period and that a "large part" of the increase, which cannot be verified or quantified from Manhattan's records, is attributable to sales of the patented glass cases. Further, Manhattan has not pointed to any other nexus evidence in the record to support its contention, which may have been overlooked by the district court.
 
 
 25
 Manhattan had a duty under Rule 56 to set forth specific facts linking the sales increases to the practice of the invention. Its reliance on a vague, conclusory indication of nexus in the affidavit warranted the decision of the district court not to accord much weight to the affidavit. We therefore find no clear error in the court's conclusion that a factual nexus between the sales increase and the '966 patented invention was not shown.
 
 
 26
 These same principles apply to Manhattan's assertion that the district court ignored the evidence of copying by others. From the record before us, it would appear that the district court was correct in finding that evidence of copying was even more scanty than the evidence of nexus.
 
 
 27
 2. Legal Errors With Respect to the Conclusion of Obviousness
 
 
 28
 Manhattan argues that the court improperly combined the references relied upon by Lyle/Carlstrom. The district court found that Courtney Pope and Kinik teach the desirability of a display case that can be readily dismantled and assembled and that the desirability of glass cases had been disclosed by Von Palmenberg, Kinik and Wolf. The court found Levine teaches U-shaped support clamps for shelves, and that Wolf taught the use of holes drilled through glass walls to support shelves. The district court also found that Kinik and Nathanson teach the holding of flat panels such as glass shelves by plastic friction clamps.
 
 
 29
 These references pertaining to readily assembled display cases, which included teachings of the desirability of glass cases, and to adjustable shelving support clamps for glass shelves, are all presumed to be known to a hypothetical person with ordinary skill in the art. It was not error for the district court to conclude that the references suggest the desirability or incentive of combining the disclosed features.
 
 
 30
 Manhattan also contends that the district court used an "obvious to the court" standard and contests its ultimate conclusion of obviousness. We do not agree with this contention. The court appropriately noted the simplicity and non-technical nature of the art and the fact that its teachings could be discerned without the aid of expert testimony. In this regard we do not find this case distinguishable from our precedent. See Chore-Time Equipment, 713 F.2d at 779 n. 2, 218 USPQ at 676 n. 2, and Union Carbide, 724 F.2d at 1573, 220 USPQ at 589. Since we have determined that the district court did not err in combining the prior art references, the district court's ultimate conclusion that the '966 patent is invalid for obviousness is sound.
 
 
 31
 NIES, Circuit Judge, concurring.*
 
 
 32
 I agree with the majority that the district court's judgment should be affirmed, but I reach that result in part for different reasons.
 
 
 33
 With respect to appellants' assertion of factual disputes over the prior art teachings, I would hold that (1) appellants have not shown that any facts which are material to resolution of the issue are in dispute and (2) appellants' conclusory assertions, in any event, create no evidentiary conflict and, thus, raise no genuine factual issue within the meaning of Fed.R.Civ.P. 56. See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 835-36, 221 USPQ 561, 564 (Fed.Cir.1984).
 
 
 34
 With respect to evidence of commercial success, I read the district court opinion to hold that there is no evidence of nexus between increased sales and the specific features of the invention set forth in the claims. Without a showing of nexus, evidence of commercial success is absolutely irrelevant to the question of nonobviousness and, thus, entitled to no weight. See Vandenberg v. Dairy Equip. Co., 740 F.2d 1560, 1567, 224 USPQ 195, 199 (Fed.Cir.1984); Solder Removal Co. v. United States Int'l Trade Comm'n, 582 F.2d 628, 637, 199 USPQ 129, 137 (CCPA 1978); In re Felton, 484 F.2d 495, 501, 179 USPQ 295, 299 (CCPA 1973). The affidavit states that, although no separate records are kept, overall sales of appellants' glass display cases have increased and that a large part of the increase is attributable to glass display cases in accordance with the invention. Although such sales may be indicative of commercial success, they do not by themselves establish nexus or require such an inference on a motion for summary judgment. See Cable Elec. Prods., Inc. v. Genmark, Inc., 770 F.2d 1015, 1026-27, 226 USPQ 881, 888 (Fed.Cir.1985); Vandenberg, 740 F.2d at 1567, 224 USPQ at 199. As the district court correctly recognized, factors other than the merits of the claimed invention can contribute to its commercial success. See, e.g., Cable Elec. Prods., 770 F.2d at 1027, 226 USPQ at 888 and cases cited therein (commercial success must be due to the attributes of the claimed invention as opposed to other economic and commercial factors unrelated to the patented subject matter). There is no evidence here, direct or circumstantial, showing that purchasers buy appellants' cases because of the particular advantages of the invention. Moreover, a mere conclusory statement by an affiant does not, in any event, raise an evidentiary conflict. See Barmag, 731 F.2d at 835-36, 221 USPQ at 564; Chore-Time Equip., Inc. v. Cumberland Corp., 713 F.2d 774, 779, 218 USPQ 673, 676 (Fed.Cir.1983).
 
 
 35
 Finally, the absence of a specific instruction to combine the teachings of the prior art does not preclude a holding of obviousness. See Leinoff v. Louis Milona & Sons, 726 F.2d 734, 739, 220 USPQ 845, 848-49 (Fed.Cir.1984). The issue of obviousness here hinges on what the prior art would suggest to one of ordinary skill in the art of designing display cases with respect to the claimed combination. Id. Appellants do not specifically argue that it would be beyond the skill of such person to appreciate, for example, that one prior art shelf support might be substituted for another without a specific suggestion in a reference to do so. However, that is, in essence, their argument, and, in my view, such assertion borders on the frivolous.
 
 
 
 *
 Senior Judge Cowen also joins this opinion